DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 0 9 JUN 2010

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

City of Roseville Employees' Retirement System,

                Plaintiff,

-v-

Nokia Corp., et. al.,

                Defendants.

ORDER

10 cv 967 (GBD)

GEORGE B. DANIELS, District Judge:

      Movants City of Bristol Pension Fund (Bristol Pension") and Pension Trust Fund for Operating Engineers ("Operating Engineers") separately seek appointment as Lead Plaintiff under the Private Litigation Securities Reform Act. Under the PSLRA, the district court must "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 77z-1(a)(3)(B)(i). "A plaintiff is presumed to be the most adequate if it: (1) either filed the complaint or made a timely motion to be appointed lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Fed. R. Civ. P. 23.[1]" Baydale v. Am. Express Co., 09 Civ. 3016 (WHP), 2009 U.S. Dist. LEXIS 71668, at *4 (S.D.N.Y. Aug. 14, 2009) (internal citations omitted); see also 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

      This presumption can be rebutted "upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff- (aa) will not fairly and adequately protect

---

[1] See Fed. R. Civ. P. 23(a).
Rule 23(a) sets out the requirements for class certification:
(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." See In re Smith Barney Transfer Agent Litig., 05 Civ. 7583 (WHP), 2006 U.S. Dist. LEXIS 19728, at *6 (S.D.N.Y. April 17, 2006); see also 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

In terms of financial interest, Bristol Pension suffered a total financial loss of over $634, 000 – $454,996 on its American Depository Receipts ("ADRs") purchases and $179,375 on its ordinary share purchases which were purchased on a foreign exchange. Operating Engineers, on the other hand, incurred a financial loss of $2,650,750.28 on its American Depository Shares ("ADSs"). Based on the loss suffered, Operating Engineers is presumed to be the most adequate.

Bristol Pension attempts to rebut this presumption and contends that Operating Engineers *may* lack standing to represent putative class members who purchased Nokia Ordinary Shares. Other than arguing that at some point Operating Engineers may need to add as named plaintiffs parties who purchased ordinary shares, Bristol Pension has not otherwise established that Operating Engineers cannot fairly and adequately protect the interests of the class.[2] Nor has Bristol Pension established that Operating Engineers would be subject to any unique defenses that render it incapable of adequately representing the class. Operating Engineers has the greatest financial stake in the outcome of the case and otherwise meets the requirement of Fed. R. Civ. P. 23.

Bristol Pension's Motion for Appointment as Lead Plaintiff and for Approval of Selection

---

[2] Moreover, the PSLRA does not in any way prohibit the addition of named plaintiffs to aid the lead plaintiff in representing a class. Hevesi v. Citigroup Inc., 366 F.3d 70, 83 (2d Cir. 2004).

of Lead Counsel is denied. Operating Engineers' Motion for Appointment as Lead Plaintiff is granted. Operating Engineers' Motion for Approval of Selection of the law firm of Robbins Geller Rudman & Dowd LLP to serve as Lead Counsel is also granted. Class Counsel proposed by Operating Engineers is qualified, experienced and generally able to conduct the litigation.

Dated: June 9, 2010
New York, New York

SO ORDERED:

*[signature]*

GEORGE B. DANIELS
United States District Judge